IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CATRECE MOSLEY,

Plaintiff,

v.

JULIUS YOUNG and CITY OF
EAST ST. LOUIS,

Defendants.                                          No. 12-cv-00925-DRH-PMF

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.   Introduction and Background

Pending now before the Court is defendants Julius Young and City of East St. Louis' motion to dismiss (Doc. 14).  Plaintiff opposes the motion and seeks leave to amend her complaint (Doc. 18).  For the reasons stated below, the Court **DENIES** defendants' motion to dismiss and allows plaintiff to amend her complaint.

Plaintiff began employment as a jailer for the City of East St. Louis, Illinois ("East St. Louis") in December 2007 and remains employed by East St. Louis. Plaintiff alleged that her supervisor, Julius Young, sexually harassed her by leaving sexually explicit photos, magazines, and other materials in open view.  In May 2011, plaintiff complained to various city officials about Young's continued harassment of her.  Subsequently, plaintiff alleges that she was retaliated against

for her complaints. Plaintiff contends that in June 2011, Young placed voodoo dolls stuck with pins in plaintiff's desk.

Following the alleged retaliatory behavior, plaintiff contends her physician took her off work to recover from stress. After more incidents of retaliation, in August 2011, plaintiff filed a complaint with the Illinois Department of Human Rights ("IDHR"). In September 2011, plaintiff filed a second complaint with the IDHR and the Equal Employment Opportunity Commission ("EEOC"), alleging sexual harassment and retaliation.

The EEOC issued plaintiff a Right to Sue letter on May 22, 2012. On August 20, 2012, plaintiff filed her complaint against Young and East St. Louis. Plaintiff filed her first amended complaint on January 15, 2013 alleging one count of sexual harassment, one count of intentional infliction of emotional distress ("IIED") and one count of retaliation against Young and East St. Louis.

## II. Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must give the defendant fair notice of the claim and the grounds on which it is based. *Id.* However, a plaintiff is obligated to provide the grounds of his or her entitlement to relief in more detail than mere "labels and conclusions;" factual allegations must be sufficient to provide a right to relief that is not merely speculative. *Id.*

In a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, accepting as true all facts alleged if they are well-pleaded. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). All possible inferences are drawn in favor of the plaintiff. *Id.* A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Bell Atlantic*, 550 U.S. at 561.

### III.   Analysis

Plaintiff claims she was sexually harassed by her supervisor, Young, and was subjected to a pervasive and ongoing atmosphere of sexual harassment by defendants. In her complaint, plaintiff details incidents of sexually explicit materials left open in her view. When she complained to other city officials of Young's harassment, plaintiff alleges she was retaliated against for complaining, by having vacation requests denied, personal time off denied, and being written up for verbally complaining.

**Counts I and III - Young as Defendant**

Defendants oppose plaintiff's claims and contend that plaintiff's allegations in Count I and Count III against Young should be dismissed because Young is not a proper party. In Count I, defendants argue, Young as plaintiff's supervisor cannot be held liable in his individual capacity for sexual harassment against plaintiff under Title VII. And in Count III, Young cannot be held liable for retaliation because he does not meet the definition of "employer" under Title VII.

Therefore, defendants contend that Young should be dismissed as a defendant from Counts I and III.

Plaintiff agrees that Young is not a proper defendant to be named in Counts I and III, and seeks leave to amend her complaint to eliminate Young as a defendant under those counts. Therefore, the Court **ALLOWS** plaintiff to amend her complaint to eliminate Young as a defendant under Counts I and III.

### Count II – Plaintiff's Claim for IIED

Defendants further claim that Count II, plaintiff's claim for IIED is barred by the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/5(a), and should be dismissed. According to defendants, "a sexually harassing co-employee is similarly 'a risk inherent in employment'" and therefore, plaintiff's alleged injuries arose from her employment with East St. Louis. Defendants argue this serves to bar plaintiff's claim under the IWCA. Relying on the Seventh Circuit's holding in *Juarez v. Ameritech Mobile Comms., Inc.*, defendants contend that plaintiff's claim, as in the facts of that case, arose from her employment, and as such, is barred by the IWCA. 957 F.2d 317 (7th Cir. 1992).

Plaintiff argues in order to avoid her claim's preemption by the IWCA, she must show that East St. Louis had "committed, commanded to expressly authorized the torts against her." *McPherson v. City of Waukegan*, 379 F.3d 430, 443 (7th Cir. 2004). Plaintiff again seeks leave of the Court to amend her complaint to more clearly define her allegations of IIED against East St. Louis and Young. Plaintiff claims she can establish that East St. Louis had knowledge of the

injuries inflicted on her by Young and failed to take any corrective action. Thus, plaintiff contends that she can overcome the preemption under the ICWA that her injuries were accidental. Therefore, the Court **ALLOWS** plaintiff to amend her complaint in order to establish that East St. Louis had knowledge of her claims of harassment by Young and failed to take action, thus overcoming the preemption under the ICWA.

### Count III – Plaintiff's Claims of Retaliation Against East St. Louis

Defendants contend that plaintiff's claim of retaliation in Count III should be dismissed because, in neither her August 26, 2011 Charge of Discrimination nor her September 23, 2011 Charge of Discrimination, did she allege retaliation on the basis of East St. Louis allowing sexually inappropriate behaviors to occur between other City employees. Defendants do not contest plaintiff's other charges of retaliation, however, based on her allegations that she was denied use of accrued vacation time and that she was not allowed to select her furlough days based on her seniority.

Plaintiff contends that she properly pled a retaliation claim. In *Peters v. Renaissance Hotel Operating Co.*, the Seventh Circuit held that a plaintiff may proceed on claims not explicitly set out in discrimination charge if the claim is "like or reasonably related" to the EEOC charges, and if the claim in the complaint could rationally be expected to evolve from an EEOC investigation of the charge. 307 F.3d 535, 550 (7th Cir. 2002). The *Peters* court further held

that the EEOC charge and the complaint "must describe the same conduct and implicate the same individuals." *Id.*

Here, plaintiff has described in her amended complaint an encompassing and pervasive atmosphere of hostility in her workplace directed toward her based on her gender. Moreover, plaintiff alleges the incidents of discrimination and harassment escalated after she complained to East St. Louis. Plaintiff's earlier Charges of Discrimination filed with the IDHR and the EEOC both raise sufficient allegations of harassment because of retaliation for either agency to have investigated. The charge of retaliation after plaintiff complained to her supervisor of the sexually inappropriate behavior between other East St. Louis employees is reasonably related to her other charges of harassment. Defendants' motion to dismiss this cause of action from Count III is **DENIED.**

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss is **DENIED**. Drawing all possible inferences in favor of the plaintiff, the Court finds the complaint gives the defendants fair notice of the claim and the grounds on which it is based.

Plaintiff is **ALLOWED** to amend her complaint to eliminate Young as a defendant from Counts I and III. Plaintiff is also **ALLOWED** to amend her complaint to more clearly establish that East St. Louis had knowledge of her claims of sexual harassment by Young and that the City failed to take action on its knowledge. Plaintiff is further **ALLOWED** to amend her complaint to show more

clearly that her allegation of retaliation, after her complaints to her supervisor of the inappropriate sexual behavior between two other East St. Louis employees, describes the same conduct and implicates the same individuals.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that plaintiff shall file her amended complaint no later than June 14, 2013.

Signed this 28th day of May, 2013.

David R. Herndon
2013.05.28
18:02:19 -05'00'

**Chief Judge
United States District Court**